```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION


WALTER ROCELLA FOSTER,
                                          Civil No. 07-1224-ST
          Petitioner,

     v.                                   FINDINGS AND RECOMMENDATION

ANTHONY SANTOS,

          Respondent.

     Francesca Freccero, Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     John R. Kroger, Attorney General
     Summer R. Gleason, Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION
```

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of a variety of state court convictions. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #11) should be denied.

## BACKGROUND

In the early morning hours of March 1, 2000, petitioner assaulted his wife from whom he was separated at the time. This conduct, and the police chase which ensued, gave rise to the following charges by indictment: two counts of Kidnapping in the First Degree, two counts of Unlawful Use of a Weapon, two counts of Menacing, one count of Assault in the Fourth Degree, two counts of Criminal Mischief, one count of Felony Fleeing, one count of Reckless Driving, and one count of Failure to Perform the Duties of a Driver. Respondent's Exhibit 102. Following a court trial, the judge convicted petitioner on all counts with the exception of a single Menacing charge. Respondent's Exhibit 101. The court imposed upward departure sentences on five of the eleven convictions, and ultimately sentenced petitioner to sentences totaling 262 months in prison. *Id.*

Petitioner took a direct appeal in which he asserted that his waiver of his right to a jury trial was not voluntary and knowing. Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme

Court denied review. *State v. Foster*, 183 Or. App. 535, 53 P.3d 471 (2002), *rev. denied*, 335 Or. 195, 64 P.3d 576 (2003).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County, but the PCR trial court denied relief on all of his claims. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Foster v. Santos*, 211 Or. App. 712, 156 P.3d 174, *rev. denied*, 343 Or. 159, 164 P.3d 1160 (2007).

Petitioner filed his Amended Petition for Writ of Habeas Corpus (docket #11) on January 28, 2008. Although the Amended Petition contains four grounds for relief, petitioner makes it clear in his supporting memorandum that he intends to pursue only his claim alleged in paragraph 5(A) of the Amended Petition. Petitioner's Memorandum of Law in Support of Amended Petition, p. 2, n. 1. That claim alleges that appellate counsel was constitutionally ineffective when he failed to raise petitioner's claim that the trial court's imposition of upward departure and consecutive sentences constituted a violation of state law. Petitioner concedes that this claim is procedurally defaulted, but nevertheless asks the court to consider its merits on the basis that he can demonstrate cause and prejudice sufficient to excuse the default.

///

///

3 - FINDINGS AND RECOMMENDATION

## **FINDINGS**

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). A petitioner must have also present his claims in a procedural context in which its merits were actually considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518

4 - FINDINGS AND RECOMMENDATION

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner concedes that his claim alleged in paragraph 5(a) is procedurally defaulted. However, he argues that he can demonstrate cause and prejudice sufficient to excuse the default on the basis that his appointed attorney during his state PCR appellate proceedings was not acting as his agent when he failed to raise that claim. In order to demonstrate "cause," petitioner must show that some objective factor external to the defense impeded his efforts to fairly present the claim in state court. *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. *Vansickel*, 166 F.3d at 958-59.

While ineffective assistance of counsel may constitute "cause" to excuse a default, there is no constitutional right to counsel in a PCR proceeding. Thus, there is no cause for a resulting default. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987). Petitioner attempts to avoid this result by couching his ineffective assistance of PCR appellate counsel claim in agency terms. However, the judges in this District have routinely rejected such an argument. *See Powell v. Czerniak*, 2007 WL 539436 *1 (D. Or., Feb. 13, 2007) (collecting

5 - FINDINGS AND RECOMMENDATION

cases rejecting the agency argument); *see also Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999). Following the reasoning in those cases, this court must conclude that petitioner has not shown cause and prejudice sufficient to excuse his default. As a result, relief on the Amended Petition should be denied.

### **RECOMMENDATION**

The Amended Petition for Writ of Habeas Corpus (docket #11) should be DENIED. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 22, 2010. If no objections are filed, then the Findings and Recommendation(s) will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this <u>4th</u> day of February, 2010.

                          s/ <u>Janice M. Stewart</u>

                              Janice M. Stewart
                              United States Magistrate Judge